IN THE MATTER OF THE ESTATE OF J. F. PLUMEL, DECEASED.

**Olograph—Aiding Date by Codicil.**—Assuming that the printing of the figures "190" in the date "January 12, 1904," vitiates an instrument as an olograph, a codicil thereto written on the reverse side of the paper entirely written, dated, and signed by the hand of the testator remedies the defect.

In this case two instruments written on different sides of a single sheet of paper were offered for probate as the will and codicil of the decedent. The will was entirely written, dated, and signed by the hand of the decedent, with the exception of the figures "190" in the year 1904, which figures were printed. Upon the back of the same sheet of paper the codicil was written, which complied with the legal requirements regarding olographic wills. It was in the following form:

"CODICIL.

"Jan. 14, 1904.

"In case of railway or steamship disaster in which both myself and wife should be killed, I will and bequeath all property real or personal to my sisters resident in France, share and share alike.

"J. F. PLUMEL."

P. A. Bergeret and W. I. Brobeck, for opponents.

H. W. Bradley and J. C. McKinstry, for proponent.

COFFEY, J. In this matter I have come to the conclusion, after grave consideration, that this instrument should be taken as a single proposition. As I have looked at the decisions of the supreme court, it seems to me that we should construe the will and codicil in such a case as one entire document. The date of the codicil, taken in connection with the preceding part or page—it is a single sheet, the will on one side, the codicil following on the other side—should be construed as the date of the will.

Now, the very word "codicil" implies an addition to the former instrument, and the testator by executing this codicil has in plain terms as possible set up not only the codicil, but the will, which speaks as of the date of the codicil.

It seemed to me that at the time of the submission of the case the proponents were inclined to allow the will to be rejected, but the court intimated that if it were possible to sustain the two writings as a testamentary instrument the intention of the testator ought to be carried out. Now, it is possible to sustain the will and the intention of the testator can be carried out. It is one complete paper and the tendency of the supreme court decisions has been to maintain such an instrument. There is only one point against it, and that is the extremely restricted interpretation of the statute—1287 —which reads: The execution of the codicil referring to a previous will has the effect to republish the will, as modified by the codicil.

There is not any change in this codicil to the will, there is not any modification, there is not any revocation; there is altogether a confirmation of it.

In the first writing, where the day of January 12, 1904, the "4" written, occurs: "In the event of our joint death in railway or steamship accident, I hereby appoint as the joint executors of my will E. Rochat and Louis Benard, both of San Francisco."

"J. F. PLUMEL."

After that is the codicil, January 14, 1904, all written: "In case of railway or steamship disaster in which both myself and wife shall be killed, I will and bequeath all property, real or personal to my sisters in France share and share alike.

"J. F. PLUMEL."

If the word "will" includes "codicil," that publication must comprehend and by implication incorporate another instrument.

It seems to me that the term "codicil" in itself includes a reference to the previous will. It cannot stand alone. If it stands at all, it must stand by reason of its relation to the preceding instrument and therefore must be part of it.

I shall sustain the will as a whole, the two writings constituting one testamentary paper.

MEMORANDUM.—This case was carried to the supreme court and affirmed: Estate of Plumel, 151 Cal. 78. Decided April 10, 1907.